# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 18, 2015 Session

## STEPHANIE NICHOLE LEE v. CHRISTOPHER CORNELL ESKRIDGE

**Appeal from the Circuit Court for Knox County**
**No. 112790     Gregory S. McMillan, Judge**

---

**No. E2014-02555-COA-R3-CV-FILED-FEBRUARY 26, 2016**

---

The trial court, upon finding that Christopher Cornell Eskridge (Respondent) repeatedly violated orders of protection issued to protect Stephanie Nicole Lee (Petitioner), sentenced him to ten days in jail and required him to post a $2,500 bond in accordance with Tenn. Code Ann. § 36-3-610(b)(2) (2014). On appeal, Respondent challenges the constitutionality of this statute. None of the issues raised on appeal, including the constitutional issue presented by Respondent, were raised with the trial court. Furthermore, Respondent did not timely notify the Attorney General of his constitutional challenge, as required by Tenn. Code Ann. § 29-14-107(b) (2000) and Tenn. R. Civ. P. 24.04. We hold that Respondent waived these issues. Accordingly, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Jeremy Yuill and Danny C. Garland, II, Knoxville, Tennessee, for appellant, Christopher Cornell Eskridge.

Robert A. Downs, Knoxville, Tennessee, and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for appellee, Stephanie Nicole Lee.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, Kathryn A. Baker, Assistant Attorney General, and Jason I. Coleman, Assitant Attorney General, Nashville, Tennessee, for appellee, State of Tennessee.

1

**OPINION**

**I.**

There are no disputed facts on this appeal. Following the filing of a notice of appeal, Respondent filed a statement of the evidence pursuant to the provisions of Tenn. R. App. P. 24(c), which closely mirrors the statement of facts recited in his appellate brief. Most of the following factual background is taken from Respondent's statement of the evidence.

Petitioner and Respondent, though never married, are the parents of one child. On January 6, 2009, Petitioner filed a petition against Respondent seeking an order of protection, which was granted by the trial court on February 19, 2009. After this order expired, Petitioner filed for a new protective order on November 17, 2010. The trial court entered an order on December 2, 2010, reflecting the parties' agreement that an order of protection should be entered. On August 18, 2011, Petitioner filed a motion to amend the order of protection to include a no-contact provision, alleging that Respondent "choked me until I passed out." Petitioner also moved for an order to show cause why Respondent should not be held in contempt for violating the current protective order. On September 22, 2011, the trial court entered an order finding that Respondent violated the order of protection in that he "assaulted Petitioner, held her against her will and placed her in fear for her safety." The court sentenced Respondent to 30 days of incarceration.

On October 30, 2013, Petitioner filed a motion alleging that Respondent attacked and assaulted her, violating the order of protection on three occasions. On May 22, 2014, the trial court entered an order reflecting the parties' agreement that Respondent would serve 30 days in jail in accordance with his criminal plea agreement, and would not contact Petitioner for the duration of his probation. On November 7, 2014, Petitioner filed another motion alleging further violations of the protective order. After a hearing, the trial court entered an order on December 18, 2014, finding Respondent to be in criminal contempt for violating the order of protection and sentencing him to 10 days in jail. The court further ordered Respondent to post a bond in the amount of $2,500 until the order of protection expired, in accordance with the requirement of Tenn. Code Ann. § 36-3-610(b)(2). The trial court also extended the order of protection for ten years, expiring on December 17, 2024.

On December 23, 2014, the trial court entered a final order stating that "[t]his matter was heard . . . on December 22, 2014 on Respondent's motion to release [him] from incarceration and to waive the bond placed on him pursuant to T.C.A. 36-3-610(2)." The trial court ordered Respondent to be released on December 24, 2014, leaving four days of his ten-day sentence in abeyance, and temporarily waived the bond pending an

appeal. Respondent filed a notice of appeal on December 23, 2014. On January 12, 2015, Respondent filed an amended notice of appeal that listed the Tennessee Attorney General as a recipient of service of the amended notice. In his statement of the evidence filed on January 16, 2015, Respondent states that he "does not seek to appeal the facts of this case, nor the conviction, but limits the scope of the appeal to the constitutionality of the bond." This is the first time that a constitutional challenge is mentioned, or even hinted at, in the record.

## II.

Respondent raises the following issues, as quoted from his brief:

> 1. Whether the requirement of a minimal bond in T.C.A. § 36-3-610(b)(2) violates the Eighth Amendment of the Constitution of the United States.

> 2. Whether the requirement to place a bond after a conviction is antithetical to the purpose of the bond in that it does not exist to assure a court appearance or any future act.

> 3. Whether the mandatory institution of any bond as required by T.C.A. § 36-3-610 (b)(2) violates T.C.A. § 40-35-111(d) and (e).

## III.

Both Petitioner and the Attorney General argue that Respondent has waived these issues by failing to present them to the trial court. We agree. "Under Tennessee law, issues raised for the first time on appeal are waived." *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). Our recent reiteration of the well-established legal principles in *City Memphis v. Shelby Cnty.*, 469 S.W.3d 531, 560-61 (Tenn. Ct. App. 2015), is instructive:

> It has long been the general rule that questions not raised in the trial court will not be entertained on appeal, and this rule also applies to an attempt to make a constitutional attack on the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). The Tennessee Supreme Court has said that " '[a] conclusory contention that a statute is unconstitutional, raised for the first time in closing

3

argument . . . does not present an attractive issue for appellate review.' " *In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009) (quoting *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001)). "[T]here is little difference between an issue improperly raised before the trial court at the last minute and one that was not raised at all." *In re Adoption of E.N.R*., 42 S.W.3d at 32. Here, the City only mentioned the constitutionality of the statute in a footnote of a pre-trial brief filed the day before trial. As in *M.L.P.*, the City's constitutional challenge was "late-raised [and] minimally addressed." *In re M.L.P.*, 281 S.W.3d at 394. "To now rely upon the importance of this issue as grounds for appellate review is near hypocrisy given the short shrift it received at trial where it could have, and should have, been fully adjudicated." *In re Adoption of E.N.R.*, 42 S.W.3d at 32. Accordingly, we find that the constitutionality of the 2012 amendment to the Gas Law was neither presented nor decided in the trial court, and the City has waived its right to argue this issue for the first time on appeal. *In re M.L.P.*, 281 S.W.3d at 394.

(Brackets in original.) In the present case, we do not think that the challenged statute "is so obviously unconstitutional on its face as to obviate the necessity for any discussion." *Id.*; *Lawrence*, 655 S.W.2d at 929. Furthermore, as was the case in *In re M.L.P.*, Respondent "failed to notify the Tennessee Attorney General of his challenge in accordance with Tennessee Code Annotated section 29–14–107(b) and Tennessee Rule of Civil Procedure 24.04, which require that the attorney general be notified when a party alleges that a statute is unconstitutional." 281 S.W.3d at 394. Consequently, we must hold that the issues raised by Respondent for the first time on appeal are waived. In so holding, we obviously express no opinion as to the merits of his constitutional challenge.

**IV.**

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Christopher Cornell Eskridge. This case is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed in the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE

4